[644 NYS2d 627]

In the Matter of PETER R. NEWMAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 17, 1996

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr.,* Syosset, for petitioner.

*Peter R. Newman,* Syosset, resignor *pro se.*

## OPINION OF THE COURT

Per Curiam.

Peter R. Newman has submitted an affidavit dated April 19, 1996, wherein he tenders his resignation as an attorney and counselor-at-law (see, 22 NYCRR 691.9).

Mr. Newman concedes in his affidavit that he is the subject of a pending investigation into allegations of professional misconduct, involving, inter alia, neglect of a legal matter, failure to cooperate, failure to comply with a court order and engaging in multiple acts of "frivolous conduct", as set forth in the petition. Mr. Newman further acknowledges that on April 2, 1996, he entered a plea of guilty in the United States District Court, Eastern District of New York, to one count of aiding and abetting the evasion of another person's Federal income tax liability pursuant to 26 USC § 7201 and one count of conspiracy pursuant to 18 USC § 371.

Mr. Newman acknowledges that he could not successfully defend himself on the merits with respect to the charges pending against him. He also indicates that his resignation is freely and voluntarily tendered and that he is not being subjected to coercion or duress. He is fully aware of the implications of submitting his resignation. He acknowledges that he is submitting his resignation subject to any application which may be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a), and acknowledges the continuing jurisdiction of the Court to make such an order. Mr. Newman is aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded to him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Chief Counsel for the Grievance Committee has recommended that the Court accept the proffered resignation. Under the circumstances, the resignation of Peter R. Newman as a member of the Bar is accepted and directed to be filed. Accordingly, Peter R. Newman is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and O'BRIEN, JJ., concur.

Ordered that the resignation of Peter R. Newman is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Peter R. Newman is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Peter R. Newman shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Peter R. Newman is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a), the respondent is required to make restitution and/or reimburse the Lawyers' Fund for Client Protection for awards made and to be made to the persons whose money or property was willfully misappropriated or misapplied; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (d), an order may be entered as a civil judgment and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by any person to whom payments are due less any amount reimbursed by the Lawyers' Fund for Client Protection, or by the Lawyers' Fund for Client Protection where it has been subrogated to the rights of such person.